# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANDREA M. DAWSON,<br><br>                Plaintiff,<br><br>v.<br><br>WHITNEY HENDON, S. JONES, SGT. MONTANO, SGT. FINKLEY, and MILWAUKEE COUNTY JAIL,<br><br>                Defendants. | Case No. 19-CV-1693-JPS<br><br><br>**ORDER** |

Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action while incarcerated at the Milwaukee County Jail. (Docket #1). It appears that Plaintiff has since been released from custody, as an order mailed to Plaintiff at the jail was returned as undeliverable. In addition to her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket #2). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).[1] The PLRA requires the Court to assess an initial partial filing fee ("IPFF") of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison

---

[1] Plaintiff initiated this action while incarcerated, so the PLRA applies to her notwithstanding her recent release from incarceration. *See* 28 U.S.C. § 1915A(c) (a "prisoner" subject to the PLRA includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"); *Jackson v. Jackson*, 475 F.3d 261, 265 (5th Cir. 2007).

account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2).

Along with her complaint, Plaintiff filed a copy of her prison trust account statement for the four-month period immediately preceding the filing of the complaint. (Docket #5). That statement corresponded with her period of confinement. *See id.* Based on the trust account statements, the Court ordered Plaintiff to pay an initial partial filing fee of $11.68 by January 8, 2020. (Docket #8). The Court warned that the case would be dismissed for failure to prosecute if she did not comply. *Id.* at 3.

The Court's notice of electronic filing to Plaintiff was returned as undeliverable on December 27, 2019, and the Court's order directing prisoner payment was returned as undeliverable on January 2, 2020. The January 8, 2020 payment deadline has come and gone without any communication from Plaintiff. It seems that Plaintiff failed to provide a forwarding address upon her release from custody. However, Plaintiff's release from confinement does not excuse her failure to comply with the Court's directives. Although she may not have received the Court's order, it is every litigant's first responsibility to provide accurate, up-to-date contact information to the Court so that orders may be timely received. *See* Gen. L.R. 5(a)(4); *Griffin v. City of Chi.*, Case No. 17–CV–701–JPS, 2017 WL 3217067, at *1 n.1 (E.D. Wis. July 28, 2017). Because Plaintiff has not complied with this elementary obligation, the fault for missing the Court's deadline rests with her alone. The case will be dismissed for Plaintiff's

failure to comply with that order. Civ. L.R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge